UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JANET ROBERTS, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 1:09-cv-107 |
| ) | *Edgar / Lee* |
| RIVERMONT CARE & ) | |
| REHABILITATION CENTER and ) | |
| SIGNATURE HEALTH CARE LLC, ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM**

Plaintiff Janet Roberts originally brought this action based on state law unlawful retaliation claims in the Circuit Court of Marion County, Tennessee. [Court Doc. No. 1-2, Complaint]. Defendants Rivermont Care & Rehabilitation Center ("Rivermont") and Signature Health Care LLC ("Signature Health") (collectively "Defendants") removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. [Court Doc. No. 1].

Defendants now move for a partial dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). [Court Doc. No. 4]. Defendants originally also moved to stay the proceedings and to compel arbitration. *See id.* However, following this Court's order requesting additional briefing of the issues [Court Doc. No. 16], Defendants withdrew their motion to stay the proceedings and to compel arbitration. [Court Doc. No. 19]. Their notice states, "Defendants hereby give notice that they are withdrawing their request to compel arbitration, thus leaving their request for dismissal for failure to state a claim upon which relief can be granted ripe for disposition by this Court." *Id.* Therefore, this court will only address Defendants' motion for

partial dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

The court has reviewed the Complaint, the arguments of the parties, and the relevant Tennessee law and has determined that Defendants' motion will be **GRANTED**. Plaintiff's claim for termination in violation of public policy will be the only claim remaining in the Complaint, and Plaintiff's claims for violation of Tenn. Code Ann. § 68-11-804 and workers' compensation retaliation will be **DISMISSED** with prejudice.

### I. Background

The Complaint alleges that Rivermont is a health care provider specializing in nursing home care and that Signature Health is the owner of Rivermont. Complaint, ¶¶ 2, 3. Plaintiff alleges that she began working at Rivermont in August of 2006 and that she has held several positions there, including a position of Head of the Activities Department. *Id.* at ¶ 4. She asserts that she has always had "excellent" performance. *Id.* However, on December 19, 2008, the head of the Rivermont facility, Greg Mitchell, terminated Plaintiff for alleged violation of company policy and inappropriate behavior. *Id.* at ¶ 5.

The Complaint alleges the following events that allegedly led to Plaintiff's termination:

> As Head of the Activities Department, the plaintiff was the supervisor of Marie Smith, a Rivermont employee, who had sustained a work-related injury in September 2008, which she had duly reported to Rivermont in compliance with the Workers Compensation Act. In early December 2008, the plaintiff was told by Ms. Smith that she (Ms. Smith) was being assigned to work in the kitchen. Plaintiff then spoke to Rivermont's Human Resources Director, Teresa Lakey, because Ms. Smith was extremely upset by the assignment and because the plaintiff needed her services. The plaintiff was told that Ms. Smith was purportedly moved to provide her with light duty, but specifically and in fact because the Administrator of the facility and the Director of Nursing wanted Ms. Smith to have no opportunities to speak with other employees or residents; and because they believed Ms. Smith had reported to the State Health Department charges of patient abuse and neglect or malperformance on the part of Rivermont. Plaintiff then asked if Ms. Smith would be returned to her original duty when she

completed the purported light duty. The Human Resources Director said management did not expect her to survive long enough in the kitchen work she had been assigned to resume her normal duties, implying the purpose of the assignment was to get rid of Ms. Smith.

The plaintiff was shocked by what she had been told. She believed it was wrong to discriminate against an employee for reporting incidents to the State. She also believed it was wrong to assign work that is not "light duty" to compel an injured employee to give up and leave her employment. Thereafter the plaintiff made known to other department heads what she had been told about why Ms. Smith was being assigned to kitchen duty.

On December 17, 2008, in a meeting with the Administrator, the plaintiff told the Administrator that the treatment that Ms. Smith was currently receiving was wrong, unjust and not deserved. In the same meeting, the Administrator referred to an altercation over a personal matter that the plaintiff had had in early November with another woman who was not an employee of the defendant. The altercation, which occurred away from the defendant's premises, on the plaintiff's scheduled day off, had nothing to do with Rivermont. There was no public record of the incident. Earlier, the plaintiff had told the Administrator of the incident and he had joked with the plaintiff about it. Nevertheless, at the meeting on December 17, 2008, the Administrator told the plaintiff that the incident had become "a problem."

On December 17, 2008, as a part of her duties, the plaintiff arranged to accompany a number of residents on a trip throughout the area so that they might see Christmas decorations. As it developed, one stop was at the residence of Ms. Marie Smith. Some of the residents spoke to Ms. Smith. This became known to Rivermont management.

On December 19, 2008, the Administrator fired the plaintiff purportedly for the incident set forth in paragraph 8.

Plaintiff says she was fired in violation of the clear public policy of Tennessee as set forth in T.C.A. § 68-11-804(c)(1)(B)(3) which makes it unlawful to retaliate or in any way discriminate against an employee for having provided information to the Department of Health; in violation of the public policy set forth in decisions protecting employees with a claim under the Workers Compensation Act; in retaliation for making known her opposition to the illegal conduct by Rivermont; because she refused to remain silent about such illegal conduct; and because she spoke in defense of the employee against whom the conduct was addressed.

Complaint, ¶¶ 6-11.

-3-

Case 1:09-cv-00107-RAE-SKL   Document 20   Filed 01/25/10   Page 3 of 9   PageID #: 180

Defendants move to dismiss Plaintiff's claim relating to the alleged violation of Tenn. Code Ann. § 68-11-804 and any claim for workers' compensation retaliation. However, although Defendants title their motion as one to dismiss, their reply brief clarifies that they are not seeking to dismiss Plaintiff's claim for discharge in violation of public policy. *See* [Court Doc. No. 15, p. 4]. Their reply brief states, "[w]hile Plaintiff's actions in sticking up for her co-worker may provide the basis for a common law or statutory whistleblower claim, which she had pled in her Complaint and is not part of Defendant's 12(b)(6) Motion, they are insufficient as a matter of law to establish a *prima facie* case of workers' compensation retaliation." *Id.* Therefore, this court will not address dismissal of Plaintiff's claim for termination in violation of public policy, and this claim will remain a part of Plaintiff's Complaint. Plaintiff's other claims for relief will be **DISMISSED**.

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

-4-

Case 1:09-cv-00107-RAE-SKL   Document 20   Filed 01/25/10   Page 4 of 9   PageID #: 181

allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555, 127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

Following *Twombly* the U.S. Supreme Court decided *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007). In *Erickson* the Supreme Court reminded lower courts of liberal pleading standards:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "

*Erickson*, 551 U.S. at 93, 127 S.Ct. at 2200 (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)) .

The Sixth Circuit has chosen to "read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for

failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).

However, the Supreme Court has recently clarified that *Twombly* is not limited "to pleadings made in the context of an antitrust dispute." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct. 1937 (2009). The Court emphasized that "though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard 'in all civil actions,' and it applies to antitrust and discrimination suits alike." ___ U.S. at ___, 129 S.Ct. at 1953 (quoting *Twombly*, 550 U.S. at 555-556, 127 S.Ct. 1955). The Court in *Iqbal* indicated the Rule 8 pleading standards that apply to all cases:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949-50.

In addition, in reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "[m]atters outside the pleadings are not to be considered . . ." *Weiner*, 108 F.3d at 88 (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). The parties have both attached matters outside of the pleadings for this court's consideration, but these materials appear to pertain to the withdrawn motion to stay and to compel arbitration. Therefore, the court has not considered these extraneous materials in considering the motion to dismiss.

### III. Analysis

The parties' briefing pertains substantially to the Defendants' motion to compel arbitration. As the Defendants have clearly withdrawn this motion, the court will make no determination on the merits of Defendants' request pertaining to arbitration.

#### A. Retaliation for Filing a Workers' Compensation Claim

It is unclear whether Plaintiff is attempting to bring either a common law or statutory claim for retaliation in violation of public policy for filing of a workers' compensation claim. Plaintiff does not contend that she ever personally filed a workers' compensation claim. Although the court does not conclude that Plaintiff has attempted to bring such a claim, the court will address this cause of action briefly.

In *Clanton v. Cain-Sloan Co.* the Tennessee Supreme Court first recognized a cause of action for retaliatory discharge of an employee seeking workers' compensation benefits. 677

-7-

S.W.2d 441 (Tenn. Sup. Ct. 1984). The Court stated in that case, "[i]n our opinion, a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature." *Id.* at 445.

The Tennessee Supreme Court has further determined that:

> the following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

*Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. Sup. Ct. 1993). Plaintiff does not meet three of the four required elements to state a claim for workers' compensation retaliation. She was not injured; she did not file a claim for workers' compensation benefits; and her filing of such a claim was not a substantial factor in the employer's motivation to terminate her employment. Therefore, Defendants' motion to dismiss the workers' compensation retaliation claim will be **GRANTED**. Any such claim by Plaintiff will be **DISMISSED**.

### B. Plaintiff's Claim Pursuant to Tenn. Code Ann. § 68-11-804

It is further unclear whether Plaintiff's Complaint attempts to state a cause of action pertaining to violation of Tenn. Code Ann. § 68-11-804. However, Defendants move to dismiss any such claim; therefore, the court will address it. The statute states in relevant part:

> (c) A type C civil monetary penalty shall be imposed, under the circumstances set forth in subsection (b), for any violation of the following standards: . . . (3) No nursing home shall retaliate against or, in any manner, discriminate against any person because of a complaint made in good faith and without malice to the board, the department, the adult protective service, the comptroller of the treasury, the long-term care ombudsman, or other agency having jurisdiction. A

-8-

> nursing home shall neither retaliate, nor discriminate, because of information lawfully provided to these authorities, because of a person's cooperation with them, or because a person is subpoenaed to testify at a hearing involving one (1) of these authorities.

Tenn. Code Ann. § 68-11-804(c)(3). The statute regulating health care facilities also provides that the Department of Health may initiate civil penalty proceedings for type C violations by mailing the deficient nursing home a written statement citing the provisions violated. Tenn. Code Ann. § 68-11-814(a). The statute further identifies the fines that the Department may assess. Tenn. Code Ann. § 68-11-811. The statute provides that "contested cases shall be conducted according to the Uniform Administrative Procedures Act . . ." Tenn. Code Ann. § 68-11-817(a). However, the statute does not provide for a private cause of action of an employee who has been a victim of discrimination in violation of Tenn. Code Ann. § 68-11-804(c)(3). Nor is there any Tennessee authority analyzing Tenn. Code Ann. § 68-11-804(c)(3), and no Tennessee courts have addressed a cause of action pertaining to its violation. Thus, it does not appear that Plaintiff can state a private cause of action for violation of this non-discrimination provision. Therefore, the court will **DISMISS** this claim.

## IV. Conclusion

Because Plaintiff cannot state a claim for workers' compensation retaliation or a private cause of action for violation of Tenn. Code Ann. § 68-11-804(c)(3), this court must **DISMISS** these claims. However, this case will proceed on Plaintiff's claim for termination in violation of public policy.

A separate order will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

Case 1:09-cv-00107-RAE-SKL   Document 20   Filed 01/25/10   Page 9 of 9   PageID #: 186